

1  DANIEL G. BOGDEN
United States Attorney
2  NICHOLAS D. DICKINSON
PHILLIP N. SMITH, JR.
3  Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
4  Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388- 6020

5

6  # UNITED STATES DISTRICT COURT
7  ## DISTRICT OF NEVADA
-oOo-

8

9  UNITED STATES OF AMERICA,                )
                                           )  2:13-cr-00184-KJD-VCF
10              Plaintiff,                  )
                                           )  **PLEA AGREEMENT UNDER**
11       vs.                                )  **FED. R. CRIM. P. 11 (c)(1)(A) and (B)**
                                           )
12  SEAGRAM JOSHUA MILLER,                  )
                                           )
13              Defendant.                  )
   _____)

14
       Plaintiff United States of America, by and through DANIEL G. BOGDEN, United States

15  Attorney; Nicholas Dickinson and Phillip N. Smith, Jr., Assistant United States Attorneys; the

16  defendant SEGRAM JOSHUA MILLER; and the defendant's attorney, Brenda Weksler, Assistant

17  Federal Public Defender, submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A and B).

18  ## I.       SCOPE OF AGREEMENT

19       The parties to this Plea Agreement are the United States of America and SEGRAM JOSHUA

20  MILLER (the defendant).    This Plea Agreement binds the defendant and the United States

21  Attorneys' Office for the District of Nevada.  It does not bind any other prosecuting, administrative,

22  or regulatory authority, the United States Probation Office, or the Court.

23       The Plea Agreement sets forth the parties' agreement regarding the criminal charge

24  referenced in the Plea Agreement and the applicable sentence, fine, and restitution.  It does not

1  control or prohibit the United States or any agency or third party from seeking any other civil or

2  administrative remedies directly or indirectly against the defendant.

3  **II.    DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS**

4        A.    Guilty Plea.  The defendant knowingly and voluntarily agrees to plead guilty to the

5  following charges as set forth in the Superseding Information:

6        Counts 1 and 2:  Coercion and Enticement, in violation of 18 U.S.C. § 2422(a).

7        B.    Waiver of Trial Rights.  The defendant acknowledges that he has been advised and

8  understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights

9  guaranteed to all defendants by the laws and the Constitution of the United States.  Specifically, the

10  defendant is giving up:

11             1.    The right to proceed to trial by jury on all charges, or to a trial by a judge if

12  the defendant and the United States both agree;

13             2.    The right to confront the witnesses against the defendant at such a trial, and to

14  cross-examine them;

15             3.    The right to remain silent at such a trial, with assurance that his silence could

16  not be used against him in any way;

17             4.    The right to testify in his own defense at such a trial if he so chooses;

18             5.    The right to compel witnesses to appear at such a trial and testify in the

19  defendant's behalf;

20             6.    The right to have the assistance of an attorney at all stages of such

21  proceedings; and

22             7.    The right to be indicted by a grand jury.

23        C.    Withdrawal of Guilty Plea.  The defendant will not seek to withdraw his guilty pleas

24  after he has entered them in court.

2

D.     Additional Charges.  The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada that culminated in this Plea Agreement and based on conduct known to the United States except that the United States reserves the right to prosecute the defendant for any crime of violence as defined by 18 U.S.C. § 16.

III.    ELEMENTS OF THE OFFENSE

The elements of Coercion and Enticement under 18 U.S.C. § 2422(a) are:

1.     The defendant knowingly persuaded, induced, enticed or coerced an individual;

2.     To travel in interstate commerce;

3.     To engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense.

9th Cir. Crim. Jury Instr. 8.192 (2010).

IV.    FACTS SUPPORTING GUILTY PLEA

A.     The defendant will plead guilty because he is, in fact and under the law, guilty of the crime charged.

B.     The defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt.  The defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offense.

C.     The defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offense.

D.     The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

In early 2013, the defendant and co-defendant Ray Webb ("Webb") met "CW," a twelve-year-old female, in Oakland, CA, where CW was working as a prostitute.  Shortly thereafter, CW

1  began to work as a prostitute for the defendant and Webb in Oakland, CA.  CW gave the money she

2  earned from prostitution to both the defendant and Webb.

3          In or about April 2013, the defendant met "LB," a sixteen-year-old female, through

4  Facebook.  Soon thereafter, LB conducted four dates, all of which involved having sexual

5  intercourse with the clients for $50.  LB gave the money that she earned to the defendant and Webb.

6  The defendant, Webb, CW, and LB decided to travel to Las Vegas, NV to "make money."  Before

7  leaving from Oakland, CA to Las Vegas, NV, the defendant, Webb, and LB posted a prostitution

8  advertisement on MyRedbook.com for Las Vegas so that when they arrived, LB would have dates

9  lined up.  The defendant took additional photos of LB for the MyRedbook.com advertisement.

10          On or about April 29, 2013, the defendant drove CW (who had turned thirteen years old),

11  LB, and Webb from Oakland, CA to Las Vegas, NV in the defendant's white Pontiac.  They arrived

12  in Las Vegas on April 30, and the defendant and Webb rented a room at The Gateway Motel, 928 S.

13  Las Vegas Boulevard, in Las Vegas, Nevada.  Later that day, the defendant drove CW to New York

14  New York Hotel and Casino, where she began working as a prostitute.  Also later that day, a person

15  responded to LB's advertisement on MyRedbook.com.  The defendant drove Webb and LB to an

16  apartment in Las Vegas, where LB had sexual intercourse with a client for money.

17          On May 1, 2013, the defendant's car was impounded and the defendant and Webb decided to

18  go to Los Angeles, CA.  The next morning, the defendant, Webb, and LB took the El Paso Bus from

19  Las Vegas to Los Angeles.  On or about May 5, 2013, the defendant, Webb, and LB took the El Paso

20  Bus from Los Angeles back to Las Vegas.  Upon returning, they again checked into Gateway Motel.

21  LB conducted one additional date at the Gateway Motel.  The next day, Las Vegas Metropolitan

22  Police Department Detectives arrested the defendant, Webb, and LB.

23  . . . .

24  . . . .

4

The defendant acknowledges that Nevada Revised Statute 201.354 prohibits engaging in prostitution or solicitation for prostitution and that a person who violates the statute can be charged with a criminal offense.

## V.   COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose.  If the defendant does not plead guilty or withdraws his guilty plea, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the defendant's behalf.  The defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

## VI.   APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A.   Discretionary Nature of Sentencing Guidelines.  The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

B.   Offense Level Calculations.  The parties stipulate to the following calculation of the defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions:

**Counts One and Two**

i.   The base offense level is 24.  USSG §2G1.3(a)(4).

ii.   The offense involved the use of a computer or an interactive computer service to

5

entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with a minor, resulting in a two-level increase.  USSG §2G1.3(b)(2)(B).

iii.     The offense involved a commercial sex act, resulting in a two-level increase.  USSG §2G1.3(b)(4)(B).

**Combined Offense Level**

i.     Counts One and Two are not grouped as closely related counts.   USSG §§ 2G1.3(d)(1) and 3D1.2(d).

ii.     Counts One and Two are each counted as one unit, resulting in a two-level increase. USSG § 3D1.4(a).

iii.     Before any reduction for acceptance of responsibility, the adjusted base offense level calculated by the parties is 30.

6.     Reduction of Offense Level for Acceptance of Responsibility.    Under USSG §3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG §3E1.1(b), if the Court determines that the defendant's total offense level, before operation of §3E1.1(a), is 16 or higher, the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the defendant

1   communicated his decision to plead guilty in a timely manner that enabled the United States to avoid

2   preparing for trial and to efficiently allocate its resources.

3     These Sentencing Guidelines provisions, if applied, will result in a total offense level of 27.

4     D. Criminal History Category.  The defendant acknowledges that the Court may base his

5   sentence in part on the defendant's criminal record or criminal history.  The Court will determine the

6   defendant's Criminal History Category under the Sentencing Guidelines.

7     E. Relevant Conduct.  The Court may consider any counts dismissed under this Plea

8   Agreement and all other relevant conduct, whether charged or uncharged, in determining the

9   applicable Sentencing Guidelines range and whether to depart from that range.

10    F. Additional Sentencing Information.  The stipulated Sentencing Guidelines

11  calculations are based on information now known to the parties.  The parties may provide additional

12  information to the United States Probation Office and the Court regarding the nature, scope, and

13  extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances.

14    Good faith efforts to provide truthful information or to correct factual misstatements shall not

15  be grounds for the defendant to withdraw his guilty plea.

16    The defendant acknowledges that the United States Probation Office may calculate the

17  Sentencing Guidelines differently and may rely on additional information it obtains through its

18  investigation.  The defendant also acknowledges that the Court may rely on this and other additional

19  information as it calculates the Sentencing Guidelines range and makes other sentencing

20  determinations, and the Court's reliance on such information shall not be grounds for the defendant

21  to withdraw his guilty plea.

22    G. Sex Offender Notification.  The defendant has been advised, and understands, that

23  under the Sex Offender Registration and Notification Act, a federal law, the defendant must register

24  and keep the registration current in each of the following jurisdictions:  where he resides; where he is

7

1   an employee; and where he is a student.  The defendant understands that the requirements for

2   registration include providing his name, his residence address, and the names and addresses of any

3   places where he is or will be an employee or a student, among other information.  The defendant

4   further understands that the requirement to keep the registration current includes informing at least

5   one jurisdiction in which the defendant resides, is an employee, or is a student not later than three

6   business days after any change of his name, residence, employment, or student status.  The

7   defendant has been advised, and understands, that failure to comply with these obligations subjects

8   him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by

9   a fine or imprisonment, or both.  The defendant understands that by pleading guilty, he will be

10  required to register as a sex offender upon his release from prison as a condition of supervised

11  release under 18 U.S.C. § 3583(d).  The defendant also understands that independent of supervised

12  release, he will be subject to federal and state sex offender registration requirements, and that those

13  requirements my apply throughout his life.  The defendant understands that he shall keep his

14  registration current by notifying the state sex offender registration agency or agencies of any changes

15  to his name, place of residence, employment, student status, or other relevant information.  The

16  defendant shall comply with requirements to periodically verify in person his sex registration

17  information.  The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be

18  provided to certain law enforcement agencies upon his release from confinement following

19  conviction.

20         As a condition of supervised release, the defendant shall initially register with the state

21  offender registration in Nevada, and shall also register with the state sex offender registration agency

22  in any state where he resides, is employed, or is a student, as directed by the Probation Officer.  The

23  defendant shall provide proof of registration to the Probation Officer within 72 house of release from

24  imprisonment.

8

VII.   **APPLICATION OF SENTENCING STATUTES**

A.   <u>Maximum Penalty</u>.   The maximum penalty for Coercion and Enticement under 18 U.S.C. § 2422(a) is a 20-year prison sentence, a fine of not more than two-hundred fifty thousand dollars ($250,000), or both.

B.   <u>Factors Under 18 U.S.C. § 3553</u>.   The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence.   However, the statutory maximum sentence limits the Court's discretion in determining the defendant's sentence.

C.   <u>Parole Abolished</u>.   The defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

D.   <u>Supervised Release</u>.   In addition to imprisonment and a fine, the defendant will be subject to a term of supervised release not to exceed life. 18 U.S.C. § 3583(j).   Supervised release is a period of time after release from prison during which the defendant will be subject to various restrictions and requirements.   If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum prison sentence of 20 years.

E.   <u>Special Assessment</u>.   The defendant will pay a $100.00 special assessment per count of conviction at the time of sentencing.

VIII.   **RESTITUTION**

In exchange for benefits received under this Plea Agreement, the defendant agrees to make full restitution in an amount to be determined by the Court for all of the losses the defendant caused by his schemes or offenses, whether charged or uncharged, pleaded to or not, and by all of his relevant conduct.   18 U.S.C. § 3663(a)(3).

. . . .

## X.    POSITIONS REGARDING SENTENCE

The parties jointly agree that a sentence of 8 years of incarceration is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).   Thus the parties will jointly recommend that the Court sentence the defendant to a period of 8 years of incarceration, unless the defendant commits any act that could result in a loss of the downward adjustment for acceptance of responsibility.   Additionally, the United States will argue for lifetime supervised release. The defendant will not argue for a term of supervised release that is less than 10 years.   The defendant acknowledges that the Court does not have to follow this recommendation. The defendant also acknowledges that the Court does not have to grant a downward departure based on the defendant's substantial assistance to the United States, even if the United States chooses to file a motion pursuant to 18 U.S.C. § 3553(e)(1), USSG § 5K1.1, or Fed. R. Crim. P. 35.   This Plea Agreement does not require the United States to file any pre- or post-sentence downward departure motion under USSG § 5K1.1 or Fed. R. Crim. P. 35.   Notwithstanding its agreement to recommend a sentence of 8 years incarceration, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

The defendant will not request a sentence below 8 years of incarceration or a supervised release term of less than 10 years.

## XI.    FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay.   The defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and will release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court.

1    **XII.    THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS**

2          A.    <u>Plea Agreement and Decision to Plead Guilty</u>.  The defendant acknowledges that:

3                (1)    He has read this Plea Agreement and understands its terms and conditions;

4                (2)    He has had adequate time to discuss this case, the evidence, and this Plea

5    Agreement with his attorney;

6                (3)    He has discussed the terms of this Plea Agreement with his attorney;

7                (4)    The representations contained in this Plea Agreement are true and correct,

8    including the facts set forth in Section IV; and

9                (5)    He was not under the influence of any alcohol, drug, or medicine that would

10   impair his ability to understand the Agreement when he considered signing this Plea Agreement and

11   when he signed it.

12         The defendant understands that he alone decides whether to plead guilty or go to trial, and

13   acknowledges that he has decided to enter his guilty plea knowing of the charges brought against

14   him, his possible defenses, and the benefits and possible detriments of proceeding to trial.  The

15   defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or

16   threatened him to enter into this Plea Agreement.

17         B.    <u>Waiver of Appeal and Post-Conviction Proceedings</u>.  The defendant knowingly and

18   expressly waives: (a) the right to appeal any sentence imposed within or below the applicable

19   Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which

20   the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to

21   appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

22         The defendant also knowingly and expressly waives all collateral challenges, including any

23   claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court

24

1  adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of

2  counsel.

3      The defendant reserves only the right to appeal any portion of the sentence that is an upward

4  departure or an upward variance from the Sentencing Guideline range determined by the Court.

5      The defendant acknowledges that the United States is not obligated or required to preserve

6  any evidence obtained in the investigation of this case.

7  **XIII.   ADDITIONAL ACKNOWLEDGMENTS**

8      This Plea Agreement resulted from an arms-length negotiation in which both parties

9  bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the

10  entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions

11  other than those set forth in this agreement have been made or implied by the defendant, the

12  defendant's attorney, or the United States, and no additional promises, agreements or conditions

13  shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the

14  record before the Court.

15                              DANIEL G. BOGDEN,
16                              United States Attorney

17  DATE _/-20-/4_

18                              NICHOLAS D. DICKINSON
                               PHILLIP N. SMITH, JR.
19                              Assistant United States Attorneys

20  DATE _1 · 8 .14_

21                              BRENDA WEKSLER
                               Counsel for the Defendant
22

23  DATE _1-8 -14_
                               SEAGRAM JOSHUA MILLER
24                              Defendant

12